# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2672

_____

David Ferrell,                                    *
                                                  *
            Appellant,                            *
                                                  *
      v.                                          *
                                                  *
Larry Norris, Director, Arkansas                  *
Department of Correction; John Byus,              *    Appeal from the United States
Project Director, Arkansas Department             *    District Court for the Eastern
of Correction; Wendy Kelly, Chief                 *    District of Arkansas.
Deputy, Arkansas Department of                    *
Correction; Charlotte Green, Infirmary            *    [UNPUBLISHED]
Manager, Maximum Security Unit,                   *
ADC; Rita Odom; Nnamdi Ifediora,                  *
Dr., Varner Unit, ADC; M. Austin,                 *
Infirmary Manager, Cummins Unit,                  *
ADC; Em Ward, Dr., Cummins Unit,                  *
ADC; Arlene Moskovich, Dr.,                       *
Cummins Unit, ADC,                                *
                                                  *
            Appellees.                            *

_____

Submitted: December 7, 2011
Filed: December 12, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Inmate David Ferrell appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. To the extent he has not waived his claims against the Arkansas Department of Correction (ADC) defendants by failing to address those claims on appeal with any specificity, see Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005), we agree with the court that Ferrell failed to offer evidence that he administratively exhausted the claims, see King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052-53 & n.2 (8th Cir.) (reviewing de novo district court's interpretation of Prison Litigation Reform Act's administrative exhaustion provision; inmate must complete administrative review in accordance with applicable rules before bringing suit in federal court), cert. denied, 131 S. Ct. 499 (2010).

As to the Correctional Medical Services (CMS) defendants, we agree with the district court that those claims are based on Ferrell's unsupported disagreement with medical treatment decisions, and that he did not adequately counter the CMS defendants' evidence as to the appropriate treatment for his Hepatitis C and inguinal hernia. See Mason v. Corr. Med. Servs. Inc., 559 F.3d 880, 884-85 (8th Cir. 2009) (summary judgment standard of review); Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (mere difference of opinion over matters of expert medical judgment or course of treatment does not amount to constitutional violation); see also Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025, 1028-29 (8th Cir. 2006) (speculation and conjecture are insufficient to defeat summary judgment).[2] The district court is affirmed.

_____

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

[2]Contrary to Ferrell's assertions, he cannot base a 42 U.S.C. § 1983 claim on alleged violations of workers' compensation laws or breach of contract. See C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 633 n.10 (8th Cir. 2010).