# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2937

———————

| | | |
|---|---|---|
| Mark E. Hammett, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| J. Cofield, et al., | * | [ PUBLISHED] |
| | * | |
| Appellees. | * | |

———————

Submitted: May 17, 2012
Filed: June 15, 2012

———————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Mark Hammett, a Missouri inmate serving life sentences and confined at the Jefferson County Correctional Center, filed this 42 U.S.C. § 1983 action against various Missouri Department of Corrections ("MDOC") correction officials and medical staff. The *pro se* Complaint asserted claims of deficient medical care and treatment, retaliation, and harassment. The district court dismissed the Complaint without prejudice, agreeing with defendants that Hammett failed to exhaust available prison remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Hammett appeals. Reviewing the district court's interpretation of § 1997e(a) *de novo*, we conclude that some claims were properly exhausted. King

v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir.) (standard of review), cert. denied, 131 S. Ct. 499 (2010).  Accordingly, we reverse in part and remand.

In Woodford v. Ngo, 548 U.S. 81, 90 (2006), the Supreme Court concluded that "exhaustion" under § 1997e(a) means proper exhaustion, that is, "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)," quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.), cert. denied, 573 U.S. 949 (2002).  Therefore, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." King, 598 F.3d at 1053, quoting Woodford, 548 U.S. at 88.

Section D5-3.2 of the MDOC Manual (2007) detailed a three-step grievance process.  First, the inmate files an Informal Resolution Request ("IRR").  If dissatisfied with the IRR response, he "must" file a grievance within seven days of receiving the response.  If dissatisfied with the grievance response, he "must" submit a Grievance Appeal form to the grievance officer within seven days.  Failure to timely file a grievance or submit a grievance appeal "will result" in the complaint or the appeal "being considered abandoned."  After receiving the grievance appeal response, the inmate "has exhausted the grievance process."

Hammett's § 1983 Complaint described seven IRRs he had filed complaining of deficient medical care and included supporting documents from various stages of the grievance process.  Relying on Woodford, defendants moved to dismiss for failure to properly exhaust, arguing that the documents included in the Complaint demonstrated that Hammett either did not complete the grievance process or failed to comply with mandatory time limits.  The district court agreed, explaining that, as to three IRRs Hammett argued were fully exhausted, "he did not appeal the denial of those grievances in a timely manner."

Defendants and the district court overlooked an exhaustion issue that was not addressed in Woodford -- whether a grievance that could have been denied for failure to comply with a procedural requirement is nonetheless exhausted for PLRA purposes if the institutional decision-maker instead denied it on the merits. Though we have not considered the issue, all circuits that have addressed it have concluded that the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits. See Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011); Reed-Bey v. Pramstaller, 603 F.3d 322, 324-25 (6th Cir. 2010); Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005); Ross v. Cnty. of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000).

We agree with those decisions. The benefits of exhaustion "include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219 (2007). An exhaustion requirement protects a correctional institution's authority by compelling inmates "to give the agency a fair and full opportunity to adjudicate their claims." Woodford, 548 U.S. at 90. These benefits are fully realized when an inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies. A complete administrative record exists, and a reviewing court will have the benefit of the agency's institutional perspective. This rule also takes into account the likelihood that prison officials will benefit if given discretion to decide, for reasons such as fairness or inmate morale or the need to resolve a recurring issue, that ruling on the merits is better for the institution and an inmate who has attempted to exhaust available prison remedies.

Reviewing the seven medical IRRs referenced in the Complaint from this perspective, we agree with Hammett that three were fully exhausted because he pursued these grievances through all three steps of the process and his grievance

appeals were denied on the merits. (1) In IRR No. 09-3050, Hammett requested additional treatment of his right knee. He later filed a grievance and a grievance appeal. The grievance appeal, though not submitted within the seven days required by the Manual, was denied on the merits. The Regional Director's adverse response did not note or address this deficiency. (2) In IRR No. 10-367, Hammett complained of inadequate and untimely healthcare. Defendants' motion to dismiss did not argue improper exhaustion of this grievance, yet the district court included it in the claims dismissed on this ground. The record reflects that the Deputy Division Director's Grievance Appeal response rejected Hammett's grievance appeal on the merits. (3) In IRR 09-2159, Hammett complained that his Lidocaine pain patch was discontinued. The grievance response noted that a pain patch had been reissued. Hammett nonetheless filed a grievance appeal one month later, raising a different pain complaint. Although the appeal could have been rejected on procedural grounds, the Regional Director rejected it on the merits -- because the original complaint had been satisfactorily resolved. As these three IRRs were fully exhausted, dismissal of § 1983 claims based on these grievances for failure to exhaust was improper.

Turning to Hammett's remaining § 1983 claims, his Complaint admitted that the retaliation and harassment claims were not exhausted. Hammett appears to argue on appeal that an administrative remedy was not "available" for these claims within the meaning of § 1997e(a) because the alleged retaliation was in response to his repeated medical grievances and directed by the correctional officials in charge of the grievance process. In cases where a sufficient showing has been made, "we have held that inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002) (en banc). But there was no such showing in this case. The MDOC Manual expressly prohibited reprisal against an inmate for using the grievance procedure and set forth detailed special grievance procedures for an inmate who "believes that a reprisal has occurred." Hammett did not exhaust these procedures. Therefore, his retaliation and harassment claims were properly dismissed without prejudice.

Defendants' motion to dismiss demonstrated that four other IRRs cited in the Complaint were not properly exhausted, three because Hammett failed to file a step-three grievance appeal, and the fourth because he violated the Manual's rule against duplicate complaints. Regarding these claims, Hammett's position on appeal is hard to decipher. He complains generally that defendants' responses to his many medical complaints demonstrate a fundamentally unfair process. He also seems to assume that if three medical IRRs were properly exhausted, all his medical claims survive defendants' exhaustion defense. Neither position is sound. The record reflects that Hammett understood the three-step grievance process and that MDOC officials responded to the many grievances and grievance appeals that he submitted. In these circumstances, the district court properly dismissed without prejudice § 1983 claims based upon the four IRRs that were not properly exhausted.

The judgment of the district court is affirmed in part and reversed in part and the case is remanded to the district court for further proceedings not inconsistent with this opinion. We deny as moot Hammett's contention that the district court abused its discretion in denying his motion for appointment of counsel in the district court, and his motion for appointment of counsel on appeal. See generally Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).

_____