# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2467

_____

Jerry Champion,

*Plaintiff - Appellant,*

v.

Lakeisha Akins, Originally Sued As Keisha Akin; Danny Burl, Warden, East
Arkansas Regional Unit, ADC; Todd Ball, Warden, East Arkansas Regional Unit, ADC,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: December 26, 2012
Filed: February 25, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Jerry Champion brought a 42 U.S.C. § 1983 action claiming
defendant prison personnel knew of but disregarded his medically prescribed diet in

violation of his Eighth Amendment rights. The district court[1] granted defendants' summary judgment motions and denied Champion's. He appeals.

Champion argues that defendant Officer Akins knew of Champion's prescribed diet and then deliberate disregarded it. The undisputed evidence showed that Warden Burl's investigation into Champion's grievance revealed that the kitchen staff mistakenly had omitted Champion from the roster of diet-meal recipients. At most, therefore, the evidence might show that Akins was negligent in failing to recognize or accommodate Champion's diet despite the failure of the kitchen staff to include Champion on the roster used by Akin. A showing of negligence is insufficient to establish liability under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 835, 837 (1994).

Champion did not exhaust his administrative remedies as to defendants Warden Burl and Warden Ball. While he addressed them as readers in his grievances about Akins, he did not state in any exhausted grievance how Burl and Ball were involved in the grieved incidents, as required by the Arkansas Department of Correction grievance policy. See 42 U.S.C. § 1997e(a) (prisoner must exhaust administrative remedies before bringing suit under federal law); Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements . . . that define the boundaries of proper exhaustion.").

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B. We deny Champion's pending motions.

_____

_____

[1]The Honorable James M. Moody, United States District Court for the Eastern District of Arkansas, as to two of the motions adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

-2-