# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3516

_____

Derek Maurice Parks, Sr.

*Plaintiff - Appellant*

v.

Corizon, Inc.

*Defendant - Appellee*

Jones, Ms., Nurse, East Arkansas Regional Unit, ADC; Does, Nurses, East
Arkansas Regional Unit, ADC

*Defendant*s

Wendy Kelley, Deputy Director of Health Services, ADC; Denise Strickland, Ms.,
Health Service Administrator, Brickeys Unit, ADC

*Defendants - Appellees*

Christopher Loe, Mr.

*Defendant*

Renee Reese, Ms.

*Defendant - Appellee*

Reed, Ms.

*Defendant*

Traci Ford, Ms.; Alisha Bell, Ms.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena
_____

Submitted: June 13, 2013
Filed: June 27, 2013
[Unpublished]
_____

Before MURPHY, ARNOLD, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Derek Parks brought a 42 U.S.C. § 1983 action claiming deliberate indifference to his serious medical needs. He was twice allowed to amend his complaint, but most of the defendants were eventually dismissed. In his second amended complaint, Parks alleged among other things that defendants Renee Reese, Traci Ford, and Alisha Bell did not respond to his requests for the eye drops prescribed to him after his surgery for an eye disease. The district court dismissed the action without prejudice as to these defendants, on the ground that Parks failed to exhaust his administrative remedies because, contrary to the prison grievance policy, he did not name them in his relevant exhausted grievance. Parks appealed the final judgment.

In a January 18, 2013 order, we summarily affirmed the judgment except with respect to the claims against Reese, Ford, and Bell. Those appellees and Parks were given the opportunity to submit briefs that included consideration of <u>Hammett v.</u>

Cofield, 681 F.3d 945, 947 (8th Cir. 2012) (per curiam) (42 U.S.C. § 1997e(a) exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits). In their brief, Reese, Ford, and Bell appear to concede that Parks exhausted his administrative remedies, but urge affirmance on the grounds that they were not deliberately indifferent to his serious medical needs, and that his second amended complaint did not sufficiently relate to the issue raised in his grievance.

After careful review, we conclude based on Hammett that Parks exhausted his administrative remedies. We also conclude that the limited district court record does not permit a determination whether Reese, Ford, and Bell were deliberately indifferent to Parks's serious medical needs. We note that the appeal response to his June 14, 2011 grievance (about not receiving his prescribed eye medication) indicated that the issue was "resolved as of September 20, 2011." See Santiago v. Blair, 707 F.3d 984, 990 (8th Cir. 2013) (to establish § 1983 deliberate-indifference claim, plaintiff must demonstrate that he suffered from objectively serious medical need and that defendant actually knew of but deliberately disregarded the need; serious medical need is one that has been diagnosed by physician as requiring treatment). Further, we believe that the allegations about these appellees in the second amended complaint sufficiently related to the June 14 grievance such that the purposes of the exhaustion requirement were served. See Jones v. Bock, 549 U.S. 199, 219 (2007) (benefits of exhaustion include allowing prison to address complaints about program it administers before being subjected to suit, reducing litigation to extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to preparation of useful record).

Accordingly, we reverse the judgment as to Parks's claims against Reese, Ford, and Bell, and we remand for further proceedings on those claims.

_____