**Kenneth L. WALLER, Jr., Plaintiff,**

v.

**Wendy KELLEY, Deputy Director, Arkansas Department of Correction, et al., Defendants.**

**No. 1:11CV00095 JLH/JTR.**

United States District Court, E.D. Arkansas, Northern Division.

July 9, 2013.

Kenneth L. Waller, Jr., Newport, AR, pro se.

James O. Howe, Arkansas Attorney General's Office, Little Rock, AR, Michelle Banks Odum, Humphries & Lewis, White Hall, AR, for Defendants.

## ORDER

J. LEON HOLMES, District Judge.

The Court has reviewed the Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray and the filed objections. After carefully considering these documents and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Partial Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED that:

1. Defendant Kelley's motion for summary judgment is GRANTED, and plaintiff's claims against her are dismissed, without prejudice, due to a lack of proper exhaustion. Document # 89.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION INSTRUCTIONS

J. THOMAS RAY, United States Magistrate Judge.

The following recommended partial disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201–3325

### I. Introduction

Plaintiff, Kenneth L. Waller, Jr., is a prisoner in the Grimes Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that several Defendants, who are prison medical personnel, failed to provide him

with constitutionally adequate medical care for stomach ulcers and gallstones. *See* Docs. # 2 and # 11. He also alleges that separate Defendant Wendy Kelley, who is the ADC Deputy/Assistant Director of Health and Correctional Programs, failed to take proper corrective action after reviewing several grievance appeals he filed about the allegedly inadequate medical care he was receiving from the other Defendants. *Id.*

Defendant Kelley has filed a Motion for Summary Judgment and several supportive pleadings arguing that Plaintiff failed to properly exhaust his administrative remedies against her. *See* Docs. # 89, # 90, # 91, # 124, and # 148. Plaintiff has responded. *See* Docs. # 122, # 123, and # 155. For the following reasons, the Court recommends that Defendant Kelley's Motion for Summary Judgment be granted, and that she be dismissed, without prejudice.[1]

## II. Discussion

### A. The Exhaustion Requirement

■ The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being sub-

jected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *see also Woodford v. Ngo,* 548 U.S. 81, 89–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

■ The PLRA requires inmates to: (1) fully and *properly* exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir.2003); *Graves v. Norris,* 218 F.3d 884, 885 (8th Cir.2000) (emphasis added). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218, 127 S.Ct. 910; *see also Woodford,* 548 U.S. at 90, 126 S.Ct. 2378 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

For instance, the ADC exhaustion policy states that "[g]rievances must specifically name each individual involved for a proper investigation and response to be completed by the ADC" and that "[i]nmates who fail

---

1. Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir.2011).

to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." *See* Doc. # 89, Ex. A–3 (ADC Adm. Dir. 09–01 § IV(C)(4) and (E)(2)).[2] Finally, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *Id.*

## B. The December 4, 2012 Recommended Partial Disposition

In September of 2012, Defendant Kelley moved for dismissal because it was undisputed that Plaintiff did not name her in any of the eight medical grievances he fully exhausted prior to filing this lawsuit.[3] *See* Doc. # 89, Ex. 1. The Court agreed with that argument. *See* Doc. # 127. Accordingly, on December 4, 2012, it issued a Recommended Partial Disposition suggesting that Defendant Kelley's Motion for Summary Judgment be granted, and that she be dismissed, without prejudice, due to lack of proper exhaustion. *Id.; see also Jones,* 549 U.S. at 211, 127 S.Ct. 910 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

Importantly, the recommendation was consistent with unpublished Eighth Circuit opinions affirming the dismissals of defendants who were not specifically named in the prisoners' grievances and appeals, as required by the ADC exhaustion policy. *See, e.g., Ferrell v. Norris,* 441 Fed.Appx. 399 (8th Cir.2011) (unpublished opinion); *Adams v. Hobbs,* 402 Fed.Appx. 157 (8th Cir.2010) (unpublished decision).

## C. The *Bower* Decision

■ While the Recommended Partial Disposition was pending, the Eighth Circuit issued an unpublished decision in *Bower v. Kelley,* 494 Fed.Appx. 718 (8th Cir.2012). In *Bower,* an ADC prisoner asserted a § 1983 claim against an unknown John Doe Defendant, a prison dentist who allegedly provided him with *inadequate medical care* for his dental implants. *See Bower v. Kelley,* 5:11CV00248 HDY, 2012 WL 589058 (E.D.Ark. Feb. 22, 2012) (unpublished opinion). He also alleged that Defendant Austin, a Health Services Administrator, and Defendant Zoldessy, the Dental Director for Corizon, Inc., failed to take proper *corrective action* in response to his complaints of inadequate dental care.[4] *Id.*

Prior to initiating his § 1983 action, Bower filed a grievance about the alleged-

---

**2.** Additionally, § IV(N) of Admin. Dir. 09–01 states: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately." Ex. A at 16.

**3.** *After* Plaintiff filed this lawsuit on November 1, 2011, he exhausted three grievances *specifically naming* Defendant Kelley. *See* Doc. # 123 (grievance GR 11–1178 decided on appeal on Jan. 4, 2012; grievance GR 11–1577 decided on appeal Feb. 29, 2012; and grievance GR 11–1587 decided on appeal Feb. 29, 2012). However, those subsequently exhausted grievances are irrelevant to the pending Motion because a prisoner must *complete* the exhaustion process, as to each claim, *prior* to filing a § 1983 action in federal court. *See Woodford,* 548 U.S. at 88, 126 S.Ct. 2378; *Johnson,* 340 F.3d at 627.

**4.** In order to properly assert such a claim, a prisoner must allege that prison *supervisors* were: (1) aware that prison medical personnel were providing inadequate medical care; and (2) failed, with deliberate indifference, to take proper corrective action. *See Langford v. Norris,* 614 F.3d 445, 460 (8th Cir.2010); *Parrish v. Ball,* 594 F.3d 993, 1002 (8th Cir. 2010) (emphasis added).

ly inadequate dental care he had received. *Id.* (Doc. # 41, Ex. 3 at 4–5). However, it did *not* specifically name *any individuals* or assert a claim that anyone had failed to take *corrective action* in response to his complaints about his dental care. *Id.* The grievance was denied, and Bower appealed.

In affirming the denial of that grievance, ADC administrators held that: (1) Bower had received adequate dental care; and (2) Zoldessy was *currently* trying to find a dentist that could treat Plaintiff's problem. *Id.*

Bower then filed a § 1983 action against Corizon employees and ADC administrators in the United States District Court for the Eastern District of Arkansas. Defendants Zoldessy and Austin moved to have Bower's § 1983 claims dismissed because he failed to name them in his grievances, as required by the ADC's exhaustion policy. As a result, they argued that Bower had failed to exhaust his administrative remedies against them. *Id.* (Doc. # 41). The trial court agreed and dismissed both defendants, without prejudice. *Id.*

On appeal, the Eighth Circuit issued a one-page, unpublished opinion reversing the trial court's decision:

> Appellees do not dispute that Bower exhausted his grievance regarding inadequate dental care; they argue that his failure to name them specifically in the grievance precluded exhaustion of his claims against them. This court has rejected such an argument. *See Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir.2012) (per curiam) (concluding that exhaustion requirement is satisfied if prison officials decide procedurally flawed grievance on merits; agreeing

with, inter alia, *Reed–Bey v. Pramstaller,* 603 F.3d 322, 324–26 (6th Cir.2010)). *Bower,* 494 Fed.Appx. at 718, 2012 WL 6199266 at *1.[5] The Court did not explain its basis for suggesting that, consistent with *Hammett,* the ADC had *decided the merits* of Bower's § 1983 corrective action claim against Defendants Zoldessy and Austin, which was no where mentioned in any of his grievances.

## D. The District Court's Request to Reconsider the Recommended Partial Disposition

After the *Bower* decision was handed down, United States District Judge J. Leon Holmes suggested that: (1) the parties re-brief the exhaustion issue, in light of the Court's decision in *Bower;* and (2) the undersigned United States Magistrate Judge then reconsider the December 4, 2012 Recommended Partial Disposition. *See* Doc. # 138. The parties have now re-briefed the exhaustion issue. *See* Docs. # 148 and # 155.

## E. Reconsideration of the Recommended Partial Disposition

■ After carefully reconsidering the exhaustion issue, in light of the recent *Bower* decision, this Court concludes that Plaintiff has failed to properly exhaust his administrative remedies against Defendant Kelley, and his claims against her should be dismissed, without prejudice.

First, it is well settled that unpublished opinions, such as the one issued in *Bower,* are *not binding precedent. See* 8th Cir. R. 32.1A; *U.S. v. Lovelace,* 565 F.3d 1080, 1085 (8th Cir.2009).

Second, in at least two unpublished decisions handed down after *Bower,* the Eighth Circuit has held that defendants in

---

**5.** The trial court subsequently granted summary judgment to the defendants on the merits of the plaintiff's inadequate dental care claim. *See Bower v. Kelley,* 5:11CV000248 HDY (Docs. # 85 and # 86).

§ 1983 actions are entitled to dismissal when prisoners fail to specifically name them in their grievances and appeals, as required by the ADC's exhaustion policy. *See, e.g., Champion v. Akins,* 498 Fed. Appx. 670 (8th Cir.2013) (unpublished opinion); *Jones v. Hobbs,* Case No. 12–2002 (8th Cir. Jan. 22, 2013) (unpublished opinion). In *Champion* and *Jones,* the Court did not mention *Bower,* or either of the two cases cited by the panel in *Bower.* Thus, the decision in *Bower* appears to stand alone and is inconsistent with prior and subsequently decided unpublished Eighth Circuit decisions.

Finally, the *Bower* decision construes *Hammett v. Cofield,* 681 F.3d 945 (8th Cir.2012) too broadly. In *Hammett,* prison officials unquestionably *reached the merits* of a prisoner's *untimely* appeal of a medical grievance. This lead the Court to conclude that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Id.* at 947. The Court correctly reasoned that, when prison officials chose to ignore the untimeliness of a prisoner's appeal of a grievance and proceed to fully investigate and decide the *merits* of a prisoner's claims, the purpose of the

PLRA exhaustion requirement is satisfied as to those claims. *Id.* at 947–48 (citing *Jones,* 549 U.S. at 219, 127 S.Ct. 910 and *Woodford,* 548 U.S. at 90, 126 S.Ct. 2378).

■ Thus, the Court's holding in *Hammett* only applies in cases where prison officials overlook or ignore procedural flaws in a prisoner's grievances (which otherwise would have allowed them to deny the grievances) and *reach and decide the merits of the specific claims* asserted against *specifically named individuals.* In such cases, when a prisoner later files a § 1983 action that asserts the *same claims* against the *same named individuals,* any procedural defects in the grievance can *not* be used by a defendant to support a failure to exhaust argument.[6] *See Woodford,* 548 U.S. at 90, 126 S.Ct. 2378 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits").

In this case, Plaintiff fully exhausted several grievances raising his *inadequate medical care claim* against *some* of the named medical Defendants. *See* Doc. # 89, Ex. 1. However, *none* of his griev-

---

**6.** United States District Judge Susan Webber Wright has applied this reasoning in two post-*Bower* cases. In *Vanzant v. Morris,* 5:12CV00021 SWW, 2013 WL 495598 (E.D.Ark. Feb. 8, 2013) (unpublished opinion), a prisoner filed a fully exhausted grievance alleging that correctional officers Sanders and Turner contaminated his food. However, he did not mention in his grievance, as he did in his § 1983 Complaint, that officers Brooks and Morris refused to take photographs of the contaminated food or provide him with another tray. Thus, the ADC did not investigate those specific claims or address them in its responses to prisoner's grievance and appeal. Consistent with the *Hammett* opinion, Judge Wright concluded that the prisoner had not properly exhausted his claims against Defendants Brooks and Morris because: (1) he did not specifically

name them in his grievance and appeal; and (2) more importantly, the failure to do so prevented the ADC from addressing the merits of the specific claim he was raising against them in his § 1983 action.

Similarly, in *Burns v. Eaton,* 2:11CV00049 SWW, 2013 WL 357563 (E.D.Ark. Jan. 29, 2013) (unpublished opinion), a prisoner fully exhausted a grievance alleging that officer Eaton used excessive force against him. In his § 1983 action, the prisoner renewed his excessive force claim against Eaton, and he added a claim that officer White witnessed the use of force but failed to intervene. Judge Wright concluded that the prisoner's failure to name Eaton in his grievance prevented the ADC from investigating and addressing the failure to protect allegations the prisoner raised in his § 1983 Complaint.

ances mention the *corrective action claim* that he is asserting against Defendant Kelley. Thus, his grievances did *not* put ADC officials on notice that he thought Defendant Kelley was failing to properly review or respond to his medical grievance appeals or was otherwise failing to take appropriate corrective action regarding the medical care he was receiving from the other Defendants. Without such notice, ADC officials were deprived of the opportunity to investigate and correct any problems associated with the way Defendant Kelley was reviewing and responding to Plaintiff's medical grievances. *See Jones,* 549 U.S. at 219, 127 S.Ct. 910 (2007) (explaining that PLRA's exhaustion requirement allows "a prison to address complaints about the program it administers before being subjected to suit"); *Woodford,* 548 U.S. at 90, 126 S.Ct. 2378 (explaining that the PLRA's exhaustion requirement gives the administrative agency "a fair and full opportunity to adjudicate their claims").

Because Plaintiff has failed to properly exhaust his administrative remedies against Defendant Kelley, as required by the PLRA, the Court recommends that all of Plaintiff's claims against her be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Separate Defendant Kelley's Motion for Summary Judgment (Doc. # 89) be GRANTED, and that Plaintiff's claims against her be DISMISSED, WITHOUT PREJUDICE, due to a lack of proper exhaustion.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

Dated this 6th day of May, 2013.

