# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2179
_____

Richard Trevino

*Plaintiff - Appellant*

v.

Woodbury County Jail, et al.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: November 19, 2015
Filed: December 1, 2015
[Unpublished]
_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Federal inmate Richard Trevino brought this civil damage action claiming that his pretrial confinement at the jail in Woodbury County, Iowa, violated Title II of the Americans with Disabilities Act (ADA) and his constitutional rights. Trevino appeals

the district court's[1] dismissal of his claims without prejudice for failure to exhaust administrative remedies, as the Prison Litigation Reform Act requires, see 42 U.S.C. § 1997e(a); and the grant of summary judgment dismissing on the merits his claim that defendants kept him isolated from the jail's general population because of his disabilities.[2] We affirm.

On appeal, Trevino argues that he did not fail to exhaust the jail's administrative remedies because jail officials prevented him from using its grievance procedures. The record belies this assertion. Trevino filed eleven written complaints while at the jail and presented no evidence that any official thwarted his attempts to file more grievances. See Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). Thus, we agree with the district court that administrative grievance remedies were available, and Trevino failed properly to exhaust them.

Two of Trevino's grievances included the claim that he was placed in solitary confinement on account of his disability. Jail officials may have rejected this grievance on the merits even though it was technically flawed, which would satisfy the PLRA exhaustion requirement. See Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir.2012). However, the district court properly granted summary judgment dismissing this claim on the merits. The record contains unrebutted evidence that jail officials kept the wheelchair-bound Trevino in an isolated cell for his safety because he would have been an easy target for violent inmates in the general population, and the jail could not afford additional staff to keep him safe. Trevino failed to respond with evidence of intentional disability discrimination or deliberate indifference to his rights

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, adopting the report and recommendations of the Honorable Leonard T. Strand, United States Magistrate Judge for the Northern District of Iowa.

[2]On appeal, Trevino does not challenge dismissal of the United States Marshals Service on the ground of sovereign immunity. That ruling is therefore affirmed. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir.1985).

under Title II of the ADA.  See 42 U.S.C. § 12132 (ADA requirements); Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011).  His constitutional § 1983 claim arising from the isolation fails for the same reason.

The judgment of the district court is affirmed.  We deny Trevino's motions for sanctions on appeal.

_____