# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2456

_____

Don Merceleany R. Maxwell

*Plaintiff - Appellant*

v.

Sandra Perez, Nurse, Corizon, ADC medical providers; John Doe, W/M Nurse, Corizon, ADC medical providers; Stevenson, Nurse, Corizon, ADC medical providers; Boston, Nurse, Corizon, ADC medical providers; John Does, Doctors, ADC, Corizon medical providers, Maximum Security Classification Officer, Dr. and sick call processor, B/M Correctional Officer; Hunter, Nurse, ADC, Corizon medical provider; Alva M. Green/McDowell, Medical staff, ADC, Corizon medical provider (originally named as Brown); Chamber, CO-1, ADC Maximum Security Unit; Strickland, Correctional Officer, ADC Maximum Security Unit

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: March 17, 2016
Filed: March 22, 2016
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Don Maxwell filed this 42 U.S.C. § 1983 action against prison healthcare providers and correctional officers claiming that they showed deliberate indifference to his serious medical needs, discriminated against him, and retaliated against him. The District Court[1] granted defendants' motions for summary judgment, and Maxwell appeals. After de novo review, we agree with the District Court that Maxwell can show no genuine dispute as to any material fact and that defendants are entitled to judgment as a matter of law. See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884–85 (8th Cir. 2009) (standard of review); Fed. R. Civ. P. 56(c). Specifically, Maxwell did not establish that the correctional officers violated his constitutional rights when he stumbled and fell while they were escorting him to the infirmary or when they pulled him up. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (explaining the elements of a prisoner-rights claim based on "failure to prevent harm"). His retaliation claim was properly dismissed for want of exhaustion. See Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir. 2012) (per curiam) (describing exhaustion requirement). As to the medical issues, the evidence shows that Maxwell was provided consistent treatment for his medical complaints, and nothing in the record supports a claim that the treatment was "grossly inappropriate or evidenced intentional maltreatment." Dulany v. Carnahan, 132 F.3d 1234, 1241 (8th Cir. 1997). Finally, the record does not support Maxwell's claims of discrimination.

We affirm the judgment.

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.