# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3250
_____

Robert William Avery

*Plaintiff - Appellant*

v.

Stringfellow Dentistry

*Defendant*

Jessica Jackson Breedlove, Dentist, Stringfellow Dentistry

*Defendant - Appellee*

Wellpath Health Care; Vesta Mullins, Health Services Administrator, Wellpath
Health Care, now known as Vesta Mullins Blanks

*Defendants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: August 3, 2023
Filed: August 17, 2023
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Inmate Robert Avery appeals following the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action against Jessica Jackson Breedlove, D.D.S. Upon careful de novo review, we affirm. See Hancock v. Arnott, 39 F.4th 482, 486 (8th Cir. 2022) (standard of review). We find that the district court properly dismissed Avery's claims regarding his dental treatment after July 8, 2020, as he did not exhaust his administrative remedies as to those claims before filing this action. See 42 U.S.C. § 1997e(a) (prisoner shall not bring § 1983 action until he has exhausted available administrative remedies); Hammett v. Cofield, 681 F.3d 945, 947, 948-49 (8th Cir. 2012) (per curiam) (inmate satisfies § 1997e(a) by pursuing prison grievance process to its final stage to adverse decision on merits; grievance that violated prison's rule against duplicate complaints was not properly exhausted).

We also find that summary judgment for Dr. Breedlove on the merits of Avery's exhausted claims was proper, as Avery did not show that he had a serious medical need with respect to the cavity in tooth #11 before July 8, 2020, or that Dr. Breedlove actually knew of his abscessed #5 tooth before that date. See Hancock, 39 F.4th at 486 (to establish deliberate indifference, plaintiff must show that he suffered from objectively serious medical need, and that defendant had actual knowledge of that need but deliberately disregarded it); Holden v. Hirner, 663 F.3d 336, 342-43 (8th Cir. 2011) (toothache was not serious medical need where it had no outward signs of bleeding or swelling, and there was no evidence that medical professional diagnosed it as requiring treatment or that delay in treatment negatively impacted prognosis).

---

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____