**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID REYES,
            *Plaintiff-Appellant*,

v.

CHRISTOPHER SMITH, Chief
Physician and Surgeon, Mule Creek
State Prison; SCOTT HEATLEY, Chief
Medical Officer, Mule Creek State
Prison,
            *Defendants-Appellees*.

No. 13-17119

D.C. No.
2:12-cv-00652-
KJM-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted
November 20, 2015—San Francisco, California

Filed January 12, 2016

Before: Michael J. Melloy,[*] Sandra S. Ikuta, and Andrew
D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

## SUMMARY[**]

### Prisoner Civil Rights

The panel reversed the district court's dismissal of claims brought pursuant to 42 U.S.C. § 1983 by a California state inmate against two physicians alleging deliberate indifference to medical needs, and remanded for further proceedings.

The district court dismissed the claims after finding that plaintiff had failed to exhaust his administrative remedies under the Prison Litigation Reform Act because he had not named the defendant physicians in his grievance, contrary to a procedural rule requiring inmates to "list all staff member(s) involved" in a grievance and "describe their involvement in the issue." Cal. Code Regs. Tit. 15 § 3084.2(a). The panel held that despite the prisoner's failure to comply with the procedural rule, the exhaustion requirement was nevertheless satisfied because prison

---

[*] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

officials decided the potentially flawed grievance on the merits. The panel held that when prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the Prison Litigation Reform Act's exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. The panel further held that in this case the grievance sufficed to put prison officials on notice of the alleged deprivation and gave them ample opportunity to resolve it.

## COUNSEL

Lesley Pak (argued), Frederick S. Chung, Stuart M. Rosenberg, Gibson, Dunn & Crutcher LLP, Palo Alto, California, for Plaintiff-Appellant.

Kamala D. Harris, Attorney General of California, Jonathan L. Wolff, Senior Assistant Attorney General, Thomas S. Patterson, Supervising Deputy Attorney General, Jose A. Zelidon-Zepeda (argued), Deputy Attorney General, San Francisco, California, for Defendants-Appellees.

## OPINION

HURWITZ, Circuit Judge:

As a matter of first impression, we must decide whether an inmate has exhausted administrative remedies under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, if his grievance is decided on the merits at all available levels of administrative review despite failure to comply with a procedural rule. Consistent with each of our

sister circuits to have addressed this issue, we hold that in
these circumstances the inmate's claim is exhausted.

# I.

In January 2011, California state inmate David Reyes
was examined by a prison physician, Dr. Wesley
Hashimoto, who recommended a regimen of pain
medication, including morphine, for Reyes' degenerative
spine condition. The prison's Pain Management
Committee—which included Dr. Christopher Smith, the
Chief Physician and Surgeon, and Dr. Scott Heatley, the
Chief Medical Officer—originally approved the
prescriptions. But in May 2011, Dr. Hashimoto told Reyes
that Drs. Smith and Heatley had ordered that his pain
medications would be gradually reduced and discontinued
entirely by June.

Reyes filed a prison grievance complaining of the
"drastic changes" to his medication regimen. The
grievance asserted Reyes suffered "unbelieveable pain,"
but that a nurse refused to prescribe anything but aspirin.
The grievance requested an examination by a physician,
stated that "'[d]eliberate indifference to medical needs'
violates the [Eighth] Amendment," and included citations
to Eighth Amendment cases.

In response to the grievance, Reyes was interviewed by
a physician's assistant (PA) who issued a decision denying
the request for pain medication. The decision recited that
"the Pain Management Committee determined narcotics
were not medically necessary" and that the PA "did not
determine Morphine was medically indicated" because
Reyes was functioning well with his current treatment. The
decision provided, however, that the need for pain
medication "may be revisited" after consultation with a
rheumatologist.

Reyes appealed this decision to Lawrence Fong, the Chief Executive Officer of Health Care Services. Fong denied Reyes' "request to be prescribed Morphine," stating that the "Pain Management Committee determined narcotics were not medically necessary," and concluding that Reyes' medical treatment had been "appropriate and timely." Reyes appealed again. The third-level appeal was denied by L.D. Zamora, Chief of the Office of Third Level Appeals for healthcare. The denial noted that Reyes had requested pain medication, stated that the Pain Management Committee had "recommended against narcotics," and concluded that intervention was unwarranted because Reyes was "receiving treatment deemed medically necessary." The order concluded: "This decision exhausts your available administrative remedies."

Reyes then brought this 42 U.S.C. § 1983 action in the Eastern District of California against Drs. Smith and Heatley and other prison officials, alleging that they had violated the Eighth Amendment through deliberate indifference to his medical needs. A magistrate judge recommended dismissal of the claims against Drs. Smith and Heatley for failure to exhaust administrative remedies under the PLRA because Reyes had not named these physicians in his grievance, contrary to a rule requiring inmates to "list all staff member(s) involved" in a grievance and "describe their involvement in the issue." Cal. Code Regs. tit. 15 § 3084.2(a) (2015). The district court adopted the magistrate judge's report and recommendation and

granted the physicians' motion to dismiss. This timely appeal followed.[1]

## II.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the "critical procedural rules" of that process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level. Cal. Code Regs. tit. 15, § 3084.1(b) (2011); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010). It is uncontested that Reyes obtained a decision at all three levels. The issue is whether he nevertheless failed to exhaust administrative remedies because his grievance did not name all staff members involved in his case. *See* Cal Code. Regs. tit. 15, § 3084.2(a) (2015).

---

[1] The district court also dismissed Reyes' claims against the other prison officials. Reyes does not challenge those dismissals on appeal.

"The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 548 U.S. at 93 (alterations, footnote, and quotation marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. *Id.* at 94; *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). Requiring inmates to comply with applicable procedural regulations furthers these statutory purposes. *See Woodford*, 548 U.S. at 94–96.

But when prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion have been served. Prison officials have had the opportunity to address the grievance and correct their own errors and an administrative record has been developed. For these reasons, all seven of our sister circuits to have considered the issue have concluded that the PLRA exhaustion requirement is satisfied if prison officials decide a potentially procedurally flawed grievance on the merits. *Whatley v. Warden,* 802 F.3d 1205, 1214–15 (11th Cir. 2015); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (per curiam); *Hill v. Curcione*, 657 F.3d 116, 125 (2d Cir. 2011); *Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011); *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *Ross v. Cty. of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004), *abrogated on other grounds by Jones*, 549 U.S. at 219–224; *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000).

Two of these cases are particularly instructive. In *Reed-Bey*, the Sixth Circuit confronted a Michigan prison rule which required the inmate to identify "all those involved in the issue being grieved." 603 F.3d at 324. The inmate failed to do so, but prison officials "chose to address Reed-Bey's grievance on the merits." *Id.* The Sixth Circuit therefore rejected the defendant's PLRA exhaustion defense, stating that because the exhaustion requirement is designed to serve the state's interests, "[w]e see no benefit to enforcing a procedural bar that the Department of Corrections did not." *Id.* at 326. Similarly, in *Maddox*, the Seventh Circuit determined that an inmate exhausted administrative remedies under the PLRA despite failing to comply with a procedural rule nearly identical to the California rule at issue here, because officials had decided the inmate's grievance on the merits at each level of review. 655 F.3d at 722 ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.").

We agree with these decisions. When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. *See Nussle*, 534 U.S. at 525. Dismissing the inmate's claim for failure to exhaust under these circumstances does not advance the statutory goal of avoiding unnecessary interference in prison administration. *See Woodford*, 548 U.S. at 93. Rather, it prevents the courts from considering a claim that has already been fully vetted within the prison system.

Declining to enforce procedural rules when prison officials fail to do so also serves the state's interests in "deciding when to waive or enforce its own rules." *Reed-Bey*, 603 F.3d at 325. It "takes into account the likelihood that prison officials will benefit if given discretion to decide, for reasons such as fairness or inmate morale or the need to resolve a recurring issue, that ruling on the merits is better for the institution and an inmate who has attempted to exhaust available prison remedies." *Hammett*, 681 F.3d at 948.

Accordingly, we hold that a prisoner exhausts "such administrative remedies as are available," 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process.

## III.

The defendant physicians also contend that Reyes' suit is barred under the PLRA exhaustion requirement because his grievance failed to "alert[] the prison to the nature of the wrong for which redress is sought" and provide sufficient information "to allow prison officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1120, 1121 (9th Cir. 2009) (quotation marks omitted). Drs. Smith and Heatley argue that the grievance related on its face only to Dr. Hashimoto's determination that Reyes should not receive narcotic pain medication, and thus did not exhaust his claim relating to actions by the Pain Management Committee.

Their argument fails. Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813,

824 (9th Cir. 2010) (quoting *Griffin*, 557 F.3d at 1120). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1120. The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones*, 549 U.S. at 219 (citations omitted).

Reyes' grievance plainly put prison officials on notice of the nature of the wrong alleged in his federal suit—denial of pain medication by the defendant doctors. Prison officials also plainly knew that the Pain Management Committee, of which Drs. Smith and Heatley and Smith were members, had decided Reyes should not receive the medication; that decision was cited repeatedly by the prison administration in denying Reyes' grievance. Prison officials had full notice of the alleged deprivation and ample opportunity to resolve it. The grievance thus sufficed.

Contrary to the defendants' arguments, this case is not like *Griffin*, 557 F.3d at 1118–21, in which an inmate submitted a grievance requesting a ladder to access his top bunk, and later filed a lawsuit asserting that prison staff had disregarded an order assigning him to a lower bunk, nor *Sapp*, 623 F.3d at 824, in which an inmate submitted a grievance about medical treatment for an eye condition but his § 1983 suit also alleged failure to provide review of his medical records and improper screening of administrative appeals. Rather, prison officials in this case easily identified the Pain Management Committee's involvement in the issue, and explained repeatedly that they were denying Reyes' grievance precisely because the Committee had determined that narcotics were not medically

necessary. On this record, the state defendants cannot argue that prison officials were unaware of the involvement of physicians other than Dr. Hashimoto in the events alleged. *See Spruill v. Gillis*, 372 F.3d 218, 234 (3d Cir. 2004); *Maddox*, 655 F.3d at 722 (The inmate "complained about an administrative decision—the cancellation of [religious] services—and it belies reason to suggest that prison administrators at [the prison] were unaware of who was responsible for that decision.").

## IV.

We **REVERSE** the district court order dismissing Reyes' claims against Drs. Smith and Heatley and **REMAND** for further proceedings consistent with this opinion.