**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARLON BLACHER, | No. 14-15586 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01159-GSA |
| v. | |
| S. JOHNSON, Chief Deputy Warden; R. DAVIS, Appeals Examiner, | MEMORANDUM<sup>*</sup> |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted May 24, 2016[***]

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Marlon Blacher, a California state prisoner, appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging constitutional violations arising out of prison strip searches.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc), and we vacate and remand.

The district court dismissed Blacher's action because it found that Blacher did not complete the "administrative review process in accordance with the applicable procedural rules" and thus failed to exhaust properly.  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation and internal quotation marks omitted).  However, we recently held that "a prisoner exhausts such administrative remedies as are available, under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016) (citation and internal quotation marks omitted).  Therefore, although Blacher did not comply with prison regulations, his administrative appeals alleging unreasonable searches and a failure to remedy the problem received a response at the third and final level informing him that his administrative remedies were exhausted.  Accordingly, we vacate and remand for further proceedings.

**VACATED and REMANDED.**

14-15586