**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR ENCISO, | No. 15-15956 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00924-LJO-SKO |
| v. | |
| ALCATAR; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Cesar Enciso appeals pro se from the district court's

summary judgment for failure to exhaust administrative remedies in his 42 U.S.C.

§ 1983 action alleging deliberate indifference to his serious medical needs.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Williams v.*

_____

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015), and we affirm.

The district court properly concluded that Enciso failed to exhaust his administrative remedies because the grievance he filed at the Substance Abuse Treatment Facility did not sufficiently alert prison officials to the nature of the wrong underlying his deliberate indifference claims against defendants at North Kern State Prison and Corcoran State Prison. *See Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (a grievance only suffices "if it alerts the prison to the nature of the wrong for which redress is sought" (citation and internal quotation marks omitted)).

Enciso's contentions regarding the timeliness of his grievance and tolling are without merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**