NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY L. WATTS, | No. 15-16998 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00917-AWI-SKO |
| v. | |
| H. NGUYEN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 16, 2016**

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

California state prisoner Timothy L. Watts appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging constitutional claims relating to his medical care.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Watts's deliberate indifference claim based on defendants' refusal to provide pain medication because Watts failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 822-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which administrative remedies might be effectively unavailable or otherwise excused). Moreover, the district court properly concluded that Watts failed to exhaust his administrative remedies as to his retaliation claim because he did not file a grievance regarding these allegations. *See Woodford*, 548 U.S. at 93-95.

As to Watts's deliberate indifference claim regarding medical appliances, the district court concluded that because Watts added new issues after he submitted the appeal, and did not name the defendants to this action in his grievance, Watts

2                                                          15-16998

failed to exhaust this claim. However, the parties presented evidence that the Second Level grievance responders considered the merits of his grievance despite Watts's failure to comply with procedural requirements. After the district court issued its decision, this court held in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016) that "a prisoner exhausts such administrative remedies as are available . . . under the [Prison Litigation Reform Act] despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Id.* at 658 (citation and internal quotation marks omitted). Therefore, in light of this intervening authority, we vacate this claim, and remand for the district court to determine in the first instance whether Watts properly exhausted administrative remedies on his deliberate indifference claim regarding medical appliances.

The parties are to bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

3                                                                          15-16998