NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH JEROME PACKNETT, on behalf of himself and all others similarly situated,

        Plaintiff-Appellant,

  v.

R. WINGO, individually and in her official capacity as Mailroom Sergeant; et al.,

        Defendants-Appellees.

No. 15-15910

D.C. No. 4:09-cv-00327-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

    Kenneth Jerome Packnett, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment claims related to his incoming legal mail.  We have jurisdiction under

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (exhaustion); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Packnett's claims regarding the handling of legal mail because Packnett failed to raise a genuine dispute of material fact as to whether defendants opened properly designated legal mail outside his presence, or otherwise violated the First Amendment by mishandling confidential correspondence. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (prison officials may require that legal correspondence be marked as originating from an attorney); Cal. Code Regs. tit. 15 §§ 3141, 3143 (2007) (requiring incoming letters to bear the "name or title" of an attorney in order to be processed as confidential); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983); *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay in mail delivery did not violate First Amendment where reasonably related to the prison's interest in inspecting mail).

The district court properly granted summary judgment on Packnett's retaliation claims relating to legal mail because Packnett failed to raise a genuine dispute of material fact as to whether defendants acted with a retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth

2                                                                      15-15910

elements of a retaliation claim in the prison context); *see also Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Packnett's retaliatory cell-search claim because Packnett did not file a grievance that sufficiently alerted prison officials to his claim. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Packnett's claims relating to the grievance process because Packnett has no constitutional entitlement to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court did not abuse its discretion in denying Packnett's motion to compel discovery because Packnett failed to meet and confer with defendants.

*See* Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include certification that movant has in good faith conferred or attempted to confer with opposing party); N.D. Cal. Civ. L.R. 37-1 (requirement to confer in good faith); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion in denying Packnett's motion for sanctions because Packnett failed to establish any misconduct. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (standard of review).

**AFFIRMED.**