NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HORACE MANN WILLIAMS, | No. 15-15938 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00730-LJO-DLB |
| v. | |
| MATTHEW CATE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

California state prisoner Horace Mann Williams appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging failure-to-protect and retaliation claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v.*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We vacate and remand.

The district court granted summary judgment for failure to exhaust administrative remedies, finding that Williams's grievance dated February 22, 2010, did not provide sufficient notice to prison officials of Williams's failure-to-protect and retaliation claims arising from defendant Valdivia's statements about Williams and defendants' subsequent conduct.  However, Williams alleged that in December 2009 prison officials obstructed his attempts to submit a grievance regarding defendant Valdivia's statements.  Moreover, the district court did not expressly consider Williams's evidence that he also submitted an emergency grievance in early February 2010 that described a retaliatory move to a cell block where a known enemy resided, an attack by another inmate, and threats to Williams's physical safety.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Reyes v. Smith*, 810 F.3d 654, 658-59 (9th Cir. 2016) (under the Prison Litigation Reform Act, a grievance need not include legal terminology, legal theories, or provide personal notice to a particular official that he may be sued).  We vacate and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

15-15938

Cate's motion to strike (Docket Entry No. 13) is granted in part. We do not consider Exhibit A to Williams's opening brief because it was not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**