NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL ANTHONY ACINELLI, Jr., Plaintiff-Appellant, v. KIRK A. TORRES, MD, Defendant-Appellee. | No. 16-56552 D.C. No. 5:13-cv-01371-AB-PLA MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Samuel Anthony Acinelli, Jr., a California state prisoner, appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging Eighth Amendment and state law claims arising out of sexual assault allegations. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015), and we reverse and remand.

The district court concluded that appeal CIM-HC-12024587 did not exhaust Acinelli's administrative remedies because, although the original grievance stated that Dr. Torres "has violated me," and Acinelli's response to the second level response stated that Acinelli was "being subjected to inappropriate behavior, misconduct, and sexual assault," the appeal was vague, and failed to include any dates or factual details as required by prison regulations. We conclude that the appeal was sufficient to put the prison on notice of the nature of the wrong alleged in this suit. *See Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation and internal quotation marks omitted)). Furthermore, prison officials processed Acinelli's appeal rather than rejecting it on the basis of failure to comply with procedural rules, and rendered a decision on the merits at all three levels of review. *See id.* at 659 ("[A] prisoner exhausts such administrative remedies as are available . . . under the [Prison Litigation Reform Act] despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process.") Because Acinelli exhausted his administrative remedies, we reverse and remand for further proceedings.

16-56552

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**REVERSED and REMANDED.**