NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY H. WILSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CYNTHIA ZUBIATE; WILLIAM JORDAN; JEFFREY A. BEARD; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; C. MARTINEZ; MARION SPEARMAN,<br><br>Defendants-Appellees. | No.    16-16621<br><br>D.C. No. 3:14-cv-01032-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before:  GOULD and MURGUIA, Circuit Judges, and GRITZNER,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

California state prisoner Kelly Wilson appeals from the district court's summary judgment for Defendants in his 42 U.S.C. § 1983 action alleging employees of the California Department of Corrections and Rehabilitation (CDCR) wrongfully withheld disability benefits checks Wilson received from the Department of Veterans Affairs (VA). The district court found that Wilson did not fully exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) because, although he pursued three levels of administrative review, Wilson failed to appeal CDCR's decision to cancel his appeal for lack of jurisdiction, as he was required to do under California law. *See* Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.6(e). We review de novo a district court's grant of summary judgment for failure to exhaust. *Jackson v. Fong*, 870 F.3d 928, 932 (9th Cir. 2017). We affirm.

First, we reject Wilson's argument that CDCR's cancellation decision at the third level of review constituted a decision on the merits that would satisfy the exhaustion requirement under *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016). CDCR's third-level decision does not discuss the substance of Wilson's grievance, and the mere fact that the third-level decision referred Wilson to the VA in the same manner as prior merits decisions does not transform the third-level jurisdictional decision into a decision on the merits. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–02 (2001) ("The original connotation

2

of an 'on the merits' adjudication is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." (alterations in original) (quoting Restatement (Second) of Judgments § 19, Comment a, at 161 (1980)). Moreover, the reasoning of *Reyes* does not compel reversal where, as here, CDCR invoked, rather than waived, a procedural bar to reaching the merits, thereby giving Wilson notice of the defect and opportunity to remedy it. *See Reyes*, 810 F.3d at 658 (holding that a prisoner exhausts administrative remedies "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits at each available step of the administrative process").

Second, Wilson has not met his burden of showing that the failure to exhaust should be excused because an appeal of the cancellation decision was not "available" within the meaning of the PLRA. *See Ross v. Blake*, 136 S. Ct. 1850, 1858–60 (2016). The facts on the ground do not demonstrate that Wilson was at a "dead end" when he failed to appeal CDCR's third-level cancellation decision. Wilson has not shown that prison officials were "unable or consistently unwilling to provide any relief" to an inmate seeking to appeal a cancellation decision. *See id.* at 1859. Although Wilson's missing benefits checks were no longer in CDCR's possession, an appeal of the cancellation decision might nevertheless have given CDCR occasion to reconsider whether it had jurisdiction to review its own internal

3

procedures or the conduct of its employees. Because an appeal of the cancellation decision left open the possibility for some relief, the procedure did not operate as a "dead end." *Id.*

Similarly, Wilson has not shown that the administrative process was so "opaque" that it was effectively incapable of use by an ordinary prisoner. *See id.* Although Wilson may not have been familiar with the process for appealing a cancellation decision, there is no dispute that Wilson had access to CDCR regulations and received the prison's third-level decision that cited to the applicable regulation. On these facts, we cannot say that the administrative scheme was so confusing that it was "essentially unknowable," such that no ordinary prisoner would have known to appeal the cancellation decision. *Id.* Moreover, any mistake on the part of Wilson in failing to consult the regulations that were available, is not grounds excusing the failure to exhaust however reasonable that mistake might have been under the circumstances. *See id.* ("[P]rocedures need not be sufficiently 'plain' as to preclude any reasonable mistake or debate with respect to their meaning").

Finally, we reject Wilson's argument that an appeal of the cancellation decision was "effectively unavailable" under *Sapp v. Kimbrell*, 623 F.3d 813 (9th Cir. 2010). Even assuming CDCR's cancellation decision was improper, at the time *Sapp* was decided an improper screening left the inmate with no remedy.

4

Wilson had the possibility of appealing the cancellation decision and therefore cannot show that he was "thwarted by improper screening" under *Sapp*, 623 F.3d at 823.

We do not reach Defendants' argument that Wilson filed his lawsuit prior to completing the administrative process, as that argument was not raised below and Defendants concede that it is waived. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

**AFFIRMED**.