NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY DONNELL KING, | No. 18-15743 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00414-LJO-SAB |
| v. | |
| M. D. BITER, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 19, 2019[**]

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Larry Donnell King, a California state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging an Eighth Amendment failure-to-protect

claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We reverse and remand.

Summary judgment for failure to exhaust administrative remedies was improper where King's grievances and appeals put prison officials on notice of the nature of the wrong alleged in this action. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, and a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought). In Grievance No. KVSP-0-14-00456, King informed the prison that he had been assaulted by his cellmate while handcuffed in his cell, and sought removal of the gang affiliation from his file and to no longer be housed with gang members, which is the same relief that he seeks in this action. Although King did not identify defendants by name, his grievance put prison officials on notice that he was attacked as a result of information in his file, referenced his prior grievances where he sought to have this information removed, and included his request for a classification hearing. *See Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) ("The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." (citation and internal quotation marks omitted)). We reverse the judgment, and remand for further proceedings.

**REVERSED and REMANDED.**