NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 1 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | No. 15-17148 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00983-AWI-DLB |
| v. | |
| KEN CLARK, Warden; ANGEL GONZALES; C. STRONACH; K. LEMAY; C. BELTRAN; R. FISHER; D. SNELL; N. TANN; M. TANN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 15, 2019**
San Francisco, California

Before: WALLACE, SILER,*** and McKEOWN, Circuit Judges.

Joseph McCoy is a California state prisoner incarcerated at the California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Substance Abuse Treatment Facility in Corcoran, California. In 2012, McCoy brought this action in federal district court against numerous prison officials, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. In support of this claim, McCoy's pro se complaint alleged that medical staff failed to treat an infection in his right foot adequately, causing prolonged pain and injury. The district court dismissed certain defendants from the action, dismissed all defendants in their official capacities, and entered summary judgment in favor of the remaining defendants for lack of exhaustion. McCoy appeals solely on the exhaustion issue. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

We review a district court's summary judgment on exhaustion de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring an action "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). When a prison's internal procedures do not specify the level of factual specificity a prisoner must raise to exhaust, the default rule is that "a grievance suffices if it

alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Furthermore, even if a prisoner fails to comply with a procedural rule, a claim is exhausted "when prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016).

Relevant to this case, California's 2009 internal exhaustion process allowed prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal. Code of Regulations (CCR) § 3084.1(a) (2009). The prisoners were required to (1) attempt to resolve the problem informally, *id.* § 3084.2(b); (2) file an inmate appeal form "describ[ing] the problem and action requested," *id.* § 3084.2(a); (3) appeal to the second formal level, *id.* § 3084.5(c); and (4) appeal to the third formal level, *id.* § 3084.5(d). An appeal was exhausted after adjudication at the third formal level. *Reyes*, 810 F.3d at 657. In this case, McCoy argues that two of his administrative grievances, a "329 Grievance" (Non-Party Officer Grievance) and a "992 Grievance" (Wheelchair Grievance), exhausted his claim. The parties agree that McCoy pursued all available grievance appeals, in that he procedurally exhausted his claims, but they dispute whether the grievances identified his right foot claims, that is, whether the claims are substantively exhausted. We begin with

3

the 329 Grievance.

Before addressing exhaustion on the merits, we must consider waiver. "[W]aiver is a discretionary, not jurisdictional, determination." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). We have discretion to reach a waived issue, but will exercise that discretion only when, among other exceptions, "the issue presented is purely one of law and . . . the pertinent record has been fully developed." *Id.* (quoting *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985)). Here, McCoy concedes that he waived reliance on the '329 Grievance in the district court, but asks us to consider that grievance on appeal.

We will exercise discretion to consider the 329 Grievance. The administrative record of this grievance was fully developed in the district court, summary judgment based on exhaustion is a purely legal issue, and the defendants have not been prejudiced because the grievance was fully briefed on the merits. *Cf. id.* at 993 ("The issue has been sufficiently briefed and the record has been sufficiently developed such that our 'consideration of the issue would not prejudice [the defendants'] ability to present relevant facts that could affect our decision'" (quoting *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996))). We therefore examine whether the 329 Grievance "alert[ed] the prison to the nature of the wrong for which redress [wa]s sought." *See Griffin*, 557 F.3d at 1120 (quoting *Strong*, 297 F.3d at 650); *see also* 15 CCR § 3084.2(a) (2009) (requiring inmates to

4

"describe the problem and action requested").

We hold that this grievance sufficiently alerted the prison to McCoy's claim of inadequate medical care for his infected right foot such that the claim is exhausted under the PLRA. McCoy pursues only this claim for deliberate indifference toward his injured foot on appeal and therefore, to the extent his operative complaint could be characterized to pursue different claims, our disposition does not affect the district court's dismissal of those claims.

The 329 Grievance stated that "on various dates and time[s], including but not limited to the present, June 29th 2009 the above named employees possessed prior information or knowledge of the fact that I sustained an injury to my right foot and repeatedly failed to assist me in obtaining access to adequate or emergency medical care services." This grievance passed through all appeal levels within the prison system and the third level appeals team confirmed that McCoy's administrative remedies were exhausted. The 329 Grievance thus exhausted McCoy's claim of constitutionally inadequate medical care of his infected right foot. In light of our 329 Grievance holding, we do not address the 992 Grievance.

The defendants' arguments against this conclusion are not persuasive. They assert that McCoy was challenging inadequate "access" to medical care in the 329 grievance, rather than inadequate "treatment," and that this distinction prevented the prison from being alerted to McCoy's claim. We reject this contention. Access

5

to adequate treatment is part and parcel of receiving adequate treatment. Furthermore, it does not matter that the officials named in McCoy's grievance differ from those named in his complaint. *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010). Prison officials would have been able to understand the nature of McCoy's claim as alleged in the complaint based on the grievance he submitted internally. We therefore reverse the district court's summary judgment in favor of the defendants.

McCoy also asks that we remand with instructions for the district court to enter summary judgment in his favor on the exhaustion issue. Remanding with instructions is within our discretion. *See Albino*, 747 F.3d at 1176. Based on the record and procedural posture of this case there is no possibility that the defendants will demonstrate a dispute of material fact on remand. We therefore grant his request, and remand with instructions that the district court enter partial summary judgment in McCoy's favor on the defendants' exhaustion defense as to his right foot claim.

Finally, we wish to express our thanks to McCoy's counsel for their participation in the pro bono program and for their excellent written arguments in this case. Counsel correctly identified the exhausted issue and legal framework for our review. Because this disposition fully resolves the appeal, all pending pro se motions are denied as moot.

**REVERSED and REMANDED.**