**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTIAGO CRUZ, | No.    17-16392 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00152-WHA |
| v. | |
| C. BETANCOURT, Correctional Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 19, 2019
San Francisco, California

Before:  HAWKINS and M. SMITH, Circuit Judges, and LYNN,[**] District Judge.

This is an appeal from a grant of summary judgment in favor of Officer C. Betancourt on Santiago Cruz's claims for retaliation under 42 U.S.C. § 1983, and for a violation of the Eighth Amendment.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

As the district court held, Cruz did not present sufficient evidence to establish a genuine issue of material fact as to two elements of his retaliation claim under 42 U.S.C. § 1983: (1) that Betancourt's search of Cruz's cell and seizure of property, or the alleged orchestration of a fight between Cruz and another inmate, occurred "because of" a grievance Cruz had filed against another correctional officer; and (2) that Betancourt's conduct in searching Cruz's cell and seizing property did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Cruz did not show that Betancourt had knowledge of a grievance Cruz had previously filed with prison officials against another correctional officer, and therefore did not show that Betancourt's alleged conduct occurred "because of" the grievance. Moreover, Cruz fails to demonstrate that Betancourt's actions did not advance a legitimate correctional goal. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). Betancourt's search of Cruz's cell uncovered a television, which Cruz was prohibited from having because he was on "C-Status."

Cruz's Eighth Amendment claim also fails. Because Cruz's grievance did not allege that Betancourt had orchestrated a fight between Cruz and another inmate, Cruz did not exhaust his administrative remedies. Cruz also failed to exhaust his administrative remedies because he did not timely file his grievance. Even if prison officials accepted the late-filed grievance, as Cruz argues, he fails to show that they

2

addressed on the merits his allegation that Betancourt orchestrated a fight between Cruz and another inmate. *See Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016).

**AFFIRMED**.