**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH W. CANDLER, | No. 20-16560 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00023-JAM-EFB |
| v. | |
| PRATHER, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| ROMNEY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Keith W. Candler appeals pro se from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment for defendant Romney because Candler failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (the prison's requirements "define the boundaries of proper exhaustion" (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)); *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (explaining that to provide adequate notice of a problem for which the prisoner seeks redress, the prisoner must "provide the level of detail required by the prison's regulations").

The district court properly granted summary judgment for defendant Prather because Candler failed to raise a genuine dispute of material fact as to whether Prather was deliberately indifferent to his serious medical needs during the twenty minutes it took for Prather to escort Candler to a decontamination shower following Candler's exposure to pepper spray. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference is shown through a purposeful act or failure to respond to the inmate's pain or possible medical need and harm caused by the indifference).

We do not consider arguments and allegations raised for the first time on appeal. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

**AFFIRMED.**