NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON HARMON,

Plaintiff-Appellant,

v.

LEWANDOWSKI; et al.,

Defendants-Appellees,

and

VAUGHN; et al.,

Defendants.

No. 22-55396

D.C. No.
2:20-cv-09437-MEMF-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted February 14, 2023
Pasadena, California

Before: O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge HURWITZ.

Jason Harmon appeals from the district court's entry of summary judgment

in this 42 U.S.C. § 1983 action in favor of three prison officials based on Harmon's

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly concluded that Harmon failed to exhaust any claims against Bridgeforth in Grievance 0896. The Prison Litigation Reform Act "requires inmates to both substantively and procedurally exhaust all claims through administrative avenues before filing a suit in court." *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). "[T]he prison's requirements . . . define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Therefore, an inmate must comply with the prison's grievance process to satisfy the exhaustion requirement. *See id.* ("Compliance with prison grievance procedures, therefore, is all that is required by the [Prison Litigation Reform Act] to 'properly exhaust.'").

California regulations in effect at the time required inmates to "list all staff member(s) involved" in an issue, including "the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal." Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2018). If inmates did not have this information, they were to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

Harmon's Grievance 0896 did not refer to Bridgeforth by name or provide

2

any other information from which the prison could identify Bridgeforth, such as the date or time of the incident, or Bridgeforth's race, gender, or physical attributes. Instead, Harmon identified another prison employee by name in Grievance 0896, Vaughn, but did not identify Bridgeforth and included only a vague statement about complaints to "floor staff." This reference to "floor staff," without any other identifying information, did not comply with the regulation's requirements to exhaust a claim against Bridgeforth (or any other prison employee besides Vaughn). *See Jones*, 549 U.S. at 218; s*ee also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (stating that "[t]o provide adequate notice" of an issue, an inmate must "provide the level of detail required by the prison's regulations").

Further, the prison did not ignore procedural defects in order to process Grievance 0896 on the merits as a claim against Bridgeforth. *See Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016) (holding that an inmate exhausts administrative remedies "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance"). Rather, the prison's conclusion that "staff did not violate policy" referred to the staff that the prison was on notice to investigate based on Harmon's grievance— Vaughn. With no information from which to identify Bridgeforth (or any other employee), the prison had no reason to investigate her conduct, and it was not required to speculate about the identities of any additional prison employees whose

3

alleged conduct might be at issue, or to assume that Harmon intended to assert a grievance against additional unidentified employees and thus reject the grievance on procedural grounds. Accordingly, Harmon's claims against Bridgeforth were not exhausted.

2.     The district court correctly concluded that Harmon failed to exhaust any claims against Lewandowski in Grievance 1244. The prison rejected Harmon's grievance against Lewandowski for reasons consistent with and supported by applicable regulations. *See Sapp*, 623 F.3d at 824 (explaining that exhaustion may be excused when, among other things, prison officials screened the grievance "for reasons inconsistent with or unsupported by applicable regulations"); Cal. Code Regs. tit. 15, § 3084.3(c) (2018).

Although we have left open "the possibility" that exhaustion might be excused "where repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable," *Sapp*, 623 F.3d at 826, Harmon did not have "a reasonable good faith belief" that administrative remedies were unavailable. Harmon claims not to have received the second notice rejecting Grievance 1244. If true, then Harmon could not reasonably have believed that the grievance was "repeatedly rejected" so as to render administrative remedies unavailable. Alternatively, if Harmon did receive the notice, the notice included instructions to

4

correct and resubmit the grievance and, if it were again rejected, separately appeal that decision. *See* Cal. Code Regs. tit. 15, § 3084.6(e) (2018); *Sapp*, 623 F.3d at 826 (concluding inmate could not have a reasonable belief that remedies were unavailable because he was "specifically instructed" on how to seek medical care and "on how to appeal any denial of care" but "did not follow those instructions"). Therefore, there is no dispute that remedies were available, but Harmon failed to exhaust them.

3. The district court correctly concluded that Harmon failed to exhaust any claims against Rosales. Harmon never filed a grievance with respect to Rosales. Although "the threat of retaliation for reporting an incident" can "excuse a prisoner's failure to exhaust," Harmon lacked a subjective fear of retaliation by Rosales after transferring to another prison. *McBride v. Lopez*, 807 F.3d 982, 987–89 (9th Cir. 2015). After the transfer, Harmon filed similar grievances against other officers from Los Angeles County and stated that "[t]he only reason" Harmon felt comfortable doing so was because Harmon "had been transferred out of" Los Angeles County. Harmon's willingness to file similar grievances post-transfer defeats any claim that Harmon "was actually deterred from filing a grievance." *Id.* at 988.

**AFFIRMED.**

5

Jason Harmon v. Lewandowski, No. 22-55396

HURWITZ, Circuit Judge, concurring in part and dissenting in part:

I concur in the memorandum disposition's conclusion that Harmon failed to exhaust their claims against Lewandowski and Rosales.

I respectfully dissent, however, from the disposition's holding that Harmon's claims against Bridgeforth were not exhausted. A prison grievance is exhausted if "prison officials ignore [a] procedural problem and render a decision on the merits . . . at each available step of the administrative process." *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016). It is undisputed that prison officials rendered merits decisions on Grievance 0896 at all available levels.

Although Grievance 0896 did not identify Bridgeforth by name, it "plainly put prison officials on notice of the nature of the wrong alleged in [the] federal suit"—the failure to properly respond to threats of sexual violence by Harmon's cellmate. *Id.* at 659. It also clearly accused members of the "floor staff" of that failure to respond. Had prison authorities needed additional information to process Grievance 0896, they could have requested it. Indeed, that is exactly what occurred with Grievance 1244. But "instead of enforcing a procedural bar," the prison "address[ed] the merits" of Grievance 0896. *Id.* at 657. Therefore, "the state's interests in administrative exhaustion have been served." *Id.*