NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN BEINLICK,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ADAM PACE, M.D., Mule Creek State Prison; DAVID SMILEY, Chief Medical Officer, Mule Creek State Prison; C. SMITH, Chief Physical and Surgeon, Mule Creek State Prison; OLIVER LAU, Chief Medical Officer, Mule Creek State Prison; A. PFILE; O. LAU; D. SMILEY; A. C. PACE,<br><br>        Defendants - Appellees. | No. 23-2479<br><br>D.C. No.<br>2:17-cv-00824-WBS-DMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 4, 2025**
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Brian Beinlick ("Beinlick"), a California state prisoner, sued David Smiley ("Smiley"), C. Smith ("Smith"), Oliver Lau ("Lau"), and Dr. Adam Pace ("Pace") (collectively, "Mule Creek defendants") for deliberate indifference to his medical needs under 42 U.S.C. § 1983. Beinlick appeals the district court's order granting summary judgment to Mule Creek defendants based on his failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). "We review de novo a district court's summary judgment ruling that an inmate has not exhausted his claims within the meaning of the Prison Litigation Reform Act (PLRA)." *Fordley v. Lizarraga*, 18 F.4th 344, 350 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1. Beinlick filed this lawsuit on April 19, 2017, alleging that five doctors at two different prisons inadequately treated his irritable bowel syndrome ("IBS") in violation of the Eighth Amendment. He filed grievance MCSP-HC-13043736 ("the '736 Grievance") shortly after arriving to Mule Creek State Prison, asserting that his IBS was not being properly treated and managed. Beinlick requested that he be given psyllium seed powder or referred to a specialist. The '736 Grievance was addressed through all three levels of administrative review and ultimately denied on the grounds that psyllium powder was no longer an approved drug and that other medications adequately managed Beinlick's condition.

23-2479

2.      The district court granted summary judgment for Mule Creek defendants, concluding that Beinlick failed to exhaust his administrative remedies under the PLRA because he did not identify any of the defendants in his '736 Grievance.  *See* 42 U.S.C. § 1997e(a).  The district court erred in doing so.  "[T]he PLRA exhaustion requirement is satisfied if prison officials decide a potentially procedurally flawed grievance on the merits."  *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016).  Although California state prison inmates are generally required to "list all staff member(s) involved and [] describe their involvement in the issue," Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2013), it is undisputed that prison officials overlooked this procedural flaw and addressed the '736 Grievance on the merits at all three stages of review.  "[W]hen prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion have been served."  *Reyes*, 810 F.3d at 657.  Beinlick therefore exhausted his claims arising under his '736 Grievance.  *Id.*

3.      The district court properly granted summary judgment to Mule Creek defendants with respect to grievance SOL-HC-16041900 ("the '900 Grievance").  Because the '900 Grievance only listed individuals at another prison as being deliberately indifferent to Beinlick's health care needs, the '900 Grievance did not alert prison officials at Mule Creek to any conduct by the Mule Creek defendants that would allow prison officials to rectify any alleged harm.  *See Woodford v.*

3                                                          23-2479

*Ngo*, 548 U.S. 81, 93 (2006) (explaining that the PLRA's exhaustion requirement "seeks to affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" (internal quotation marks and citation omitted)). Beinlick's reliance on a state court habeas corpus petition order appended to the '900 Grievance is unavailing. As the district court found, Dr. Pace was mentioned in the habeas order "only in the context of background information and not in the context of [Beinlick]'s substantive claims." Such brief references did not exhaust administrative remedies as to Dr. Pace or any other Mule Creek defendant.

4. The district court properly granted summary judgment to Mule Creek defendants with respect to grievance MCSP-HC-16049620 ("the '620 Grievance"). By filing his complaint before the decision at the final level of appeal was rendered, Beinlick failed to exhaust his administrative remedies. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court.").

**AFFIRMED in part, REVERSED in part, and REMANDED.**