NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL EUGENE HARRIS, | No. 17-15230 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01354-DAD-MJS |
| v. | |
| S. ESCAMILLA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and OLGUIN,**
District Judge.

Plaintiff-Appellant Darrell Harris contends that Defendant-Appellee Officer

S. Escamilla violated his constitutional rights as well as state and federal laws

during a cell search in a California prison—principally by taking Harris's Koran

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Fernando M. Olguin, United States District Judge for the
Central District of California, sitting by designation.

out of its protective cover, throwing it on the ground, and stepping on it, thereby rendering it unusable for Harris's daily prayers.[1]

**1.** The district court improperly granted summary judgment to Escamilla on Harris's First Amendment free exercise claim. We assume without deciding that, to state a free exercise claim, Harris must demonstrate a substantial burden on his exercise of religion.[2] Harris presented sufficient evidence that Escamilla intentionally desecrated his Koran. Under traditional tort law principles applicable to intentional constitutional violations, such intentional acts, if proven, would make Escamilla accountable for the full ten days that Harris was without a Koran and so unable to read his required ten daily verses from the Koran—a substantial burden on his exercise of religion.[3] *See Stevenson v. Koskey*, 877 F.2d 1435, 1438-39 (9th Cir. 1989) (explaining that the "requisite causal connection" between an act and a constitutional injury can be established by "direct personal participation in

---

[1] Escamilla challenges Harris's citations to evidence Harris submitted with his reply brief in support of his motion to stay the case. Especially because Harris was pro se at the time, the evidence is properly considered. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

[2] Harris argues that *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017), abrogated the requirement from our previous cases such as *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998), that free exercise plaintiffs demonstrate a substantial burden. Because we conclude that Harris prevails even if a substantial burden is required, we need not resolve this issue.

[3] Escamilla has not challenged the sincerity of Harris's belief that he needed to read from the actual Koran.

the deprivation"); Restatement (Second) of Torts § 435B, cmt. a (Am. Law Inst. 1979) ("[R]esponsibility for harmful consequences should be carried further in the case of one who does an intentionally wrongful act than in the case of one who is merely negligent or is not at fault.").

For similar reasons, Escamilla is not entitled to summary judgment based on qualified immunity for the free exercise claim. "It [is] well established . . . that government action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." *Jones v. Williams*, 791 F.3d 1023, 1033 (9th Cir. 2015). Harris has presented sufficient evidence that Escamilla engaged in actions that would "tend[] to coerce [Harris] to forgo h[is] sincerely held religious beliefs" by intentionally desecrating Harris's Koran to overcome summary judgment on qualified immunity. *Id.*

**2.** The district court also improperly granted summary judgment to Escamilla on Harris's Fourteenth Amendment equal protection claim. Harris complained to prison officials that Escamilla "violated inmate Harris's 1st, 14th + 15th constitutional rights . . . by degrading the Muslim holy book the Quran, by throwing it on the floor under the bed, this also violates title 15 section 3004 subsection (a) (b) + (c) which states all inmates will be treated with respect." And, in responding to Harris's grievance, prison officials recognized that Harris was

3

complaining about an alleged Fourteenth Amendment violation from Escamilla's actions with respect to Harris's Koran. A "grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 657, 659 (9th Cir. 2016) (alteration in original) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). When Harris's grievance and appeals were denied, he had exhausted his administrative remedies for his equal protection claim. *See id.* Summary judgment on Harris's equal protection claim is therefore reversed.

**3.** We affirm the district court's dismissal of Harris's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim for damages, because damages are not available under RLUIPA against these individual defendants. *See Wood v. Yordy*, 753 F.3d 899, 903-04 (9th Cir. 2014).

**4.** Harris has been moved to a new prison facility, and he does not allege any statewide policy impacting his religious activities that would affect him at the new facility. To the contrary, Harris's allegations focus solely on Escamilla. Harris's declaratory and injunctive relief claims under RLUIPA are therefore moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012); *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The district court's judgment on these claims is

vacated, and they are remanded to the district court with instructions to dismiss them as moot.  *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

**5.**  Harris offered sufficient allegations of coercion to state a claim under California's Bane Act.  The Bane Act's pleading requirements are satisfied when "circumstances indicate the [offending individual] had a specific intent to violate" the victim's rights, "not by whether the evidence shows something beyond the coercion 'inherent' in the" violation of rights.  *Cornell v. City & Cty. of San Francisco*, 225 Cal. Rptr. 3d 356, 384 (Ct. App. 2017), *review denied* (Feb. 28, 2018); *see Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018) (recognizing *Cornell* as setting the controlling Bane Act pleading standard in cases such as this one alleging more than mere negligence).  Escamilla's alleged actions support an inference that he acted with the specific intent to impede Harris's free exercise rights.

We nonetheless affirm the district court's dismissal of this claim because Harris has not alleged that he submitted an administrative claim before bringing this lawsuit, as required by the Government Claims Act.  *See Shirk v. Vista Unified Sch. Dist.*, 164 P.3d 630, 634 (Cal. 2007), *abrogated on other grounds by statute as recognized in Rubenstein v. Doe No. 1*, 400 P.3d 372, 379 (Cal. 2017).  Although the Bane Act claim was not originally dismissed for this reason, we may

affirm on any basis supported by the record.  *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

Harris asserts, however, that he could amend this claim to allege compliance with the Government Claims Act.  We therefore remand this claim to the district court for Harris to be given leave to amend.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED.**  Appellee shall bear the costs on appeal.